(31 Misc. Rep. 634.)

### KENYON v. WALSH et al.

(Supreme Court, Special Term, Onondaga County. May, 1900.)

MECHANIC'S LIEN—CONTRACTOR'S ORDER—FAILURE TO FILE—PRIORITY.

An owner of real property owed a contractor $786 for building a house. On June 2d he accepted, and after August 30th paid, an order for $375 drawn by the contractor, and given third parties, for material used in the house. This order was never filed with the county clerk. On August 30th plaintiff, who furnished lumber for the house, filed a mechanic's lien for $675 due him from the contractor, and thereafter sued to foreclose the lien. *Held*, under Laws 1897, c. 418, § 15, providing that no order for the payment of money due for material used in the improvement of real property, drawn by a contractor on the owner, shall be valid until a copy is filed with the clerk of the county where the property is situated, that the owner was not entitled to a credit for the $375 on the amount due the contractor, before payment of the plaintiff's lien.

Action by George C. Kenyon against John F. Walsh and another to foreclose a mechanic's lien. Judgment for plaintiff.

W. G. Tracey, for plaintiff.
G. W. Driscoll, for defendant Walsh.

HISCOCK, J.   This is an action to foreclose a mechanic's lien. Walsh was the owner of a lot, and made a contract with Lawler to put a building thereon.   The latter defaulted on his contract, and the former completed it.   It was conceded upon the trial, or found by the court, that the owner was entitled to credit against the amount unpaid on the contract:

| | |
|---|---|
| For work and materials in finishing it up | $ 256 76 |
| For damages in loss of rents | 42 00 |
| He had paid upon the contract, outside of the order hereinafter mentioned | 1,375 00 |
| Total | $1,673 76 |
| The original contract price was | 2,460 00 |
| Leaving a balance of | $ 786 24 |

—Over which the dispute arises between plaintiff and the owner. Plaintiff furnished to the contractor, for use in building the house, between May 10, 1899, and August 30, 1899, lumber, etc., of the value of $875.71, upon which he has been paid the sum of $200. Upon the last date he filed his lien for the unpaid balance which he is now seeking to foreclose and have paid out of the aforesaid balance of $786.24.   The contractor made a contract with Keiffer Bros., to furnish him with hardware to be, and which actually was, used in building said building.   To procure the same, he gave them an order for $375 on the defendant owner, who on or about June 2d, accepted, and after August 30th paid, the same.   Plaintiff never knew of this order until the date upon which he filed his lien.   This order was never filed in the county clerk's office, and the question is whether the owner can have credit for the amounts paid by him thereon against the aforesaid balance before plaintiff's lien is paid.   I do not see how he can.   Section 15, c. 418, Laws 1897 (Lien Law), provides:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property, or of the money, or any part thereof due or to become due therefor, nor any order drawn by a contractor or subcontractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated, and such contract, assignment or order shall have effect and be enforceable from the time of such filing.   Such clerk shall enter the facts relating to such assignment or order in the 'lien docket,' or in another book provided by him for such purpose."

No case has been cited to my attention by the counsel upon either side construing this section.   Its language, however, is so broad and plain as not to appear to need much interpretation.   By its terms it is applicable to and covers an order such as that involved in this case.   That being so, the results which flow from a failure to file the order are fixed and definite.   It is not valid against the plaintiff's lien.

Judgment, therefore, is ordered for the foreclosure of his lien, and for the payment of his claim, with interest, out of the unpaid balance above stated.   He is also allowed his taxable costs, in addition to taxable disbursements, to the amount of $50.

Ordered accordingly.